## ALAGIA v. STATE

[No. 156, October Term, 1953.]

*Decided May 25, 1954.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Charles Martin Huester* for the appellant.

The Court declined to hear argument for the appellee.

*Edward D. E. Rollins, Attorney General, Ambrose T. Hartman, Assistant Attorney General,* and *J. Albert Roney, Jr., State's Attorney for Cecil County,* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

On September 23, 1953, the grand jury of Cecil County found two indictments against Louis Alagia, appellant, for violating the statute making it unlawful to make or sell a book or pool on the result of any horse race. Code 1951, art. 27, sec. 306.

One indictment charged appellant with various acts of bookmaking on July 30, 1953. The other indictment charged him with similar crimes on August 22, 1953.

On September 28 appellant filed motions to quash the indictments. He contended that the acts he was alleged to have committed in July and August, 1953, did not constitute crimes because bookmaking was not a crime in Cecil County during those months. The Court overruled his motions.

On October 20 the cases were consolidated for trial by agreement of counsel. After considerable testimony was taken, the Court declared a mistrial.

On December 16 new counsel entered his appearance, and appellant again moved to quash the indictments, but the Court again overruled his motions. The cases were again tried before a jury. It was shown that in July, 1953, Frank R. Diggins, an operator of a detective agency in Baltimore, undertook to make an investigation of bookmaking in Cecil County in accordance with a request of the State's Attorney. The detective secured evidence which was used as the basis for the issuance

of a search warrant. On August 22 the Sheriff and State police officers made a number of raids in Cecil County. They entered the premises owned by appellant, who was there at that time with other men. The officers, after showing their search warrant, seized telephones, radios, and a box containing records and papers allegedly used in bookmaking.

The jury found appellant guilty in each case. On December 21 the Court sentenced him to pay a fine of $1,000 and to be confined in the Maryland House of Correction for the term of one year. The Court suspended the prison part of the sentence on condition that the fine be paid, and placed appellant on probation under the supervision of a State parole officer.

Appellant contended that the trial court erred in overruling his motions to quash the indictments, because Cecil County was exempt in July and August, 1953, from Section 306 of Article 27 of the Maryland Code, and therefore the acts he was alleged to have committed did not constitute crimes.

We must reject appellant's argument. The same argument was advanced in *Gibson v. State*, 204 Md. 423, 104 A. 2d 800, and in *White v. State*, 204 Md. 442, 104 A. 2d 810, and we held in those cases that Cecil County was not exempt from the statute, at least on and after June 1, 1953.

Finding no reversible error in the rulings of the trial court, we must affirm the judgment of conviction.

*Judgment affirmed, with costs.*